IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 7 SEAS INTERNATIONAL, INC. | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-2383 |
| | § | |
| NATIONWIDE INSURANCE COMPANY | § | |
| *Defendant*. | § | |

## NOTICE OF REMOVAL

Defendant Nationwide Mutual Fire Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *7 Seas International, Inc. v. Nationwide Insurance Company*; Cause No. 16-06-07168, in the 410th Judicial District of Montgomery County, Texas.

### I.
### BACKGROUND

1. Plaintiff 7 Seas International, Inc. (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 16-06-07168, in the 410th Judicial District of Montgomery County, Texas on June 20, 2016 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on August 5, 2016, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) and Local Rule 81, a copy of all process, pleadings, and orders served upon Defendant in the State Court Action and not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

4.       Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 410th Judicial District of Montgomery County, Texas.

5.       Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.       This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.       Diversity of Parties**

7.       Plaintiff is domiciled in Montgomery County, Texas.  *See* **Exhibit A**, ¶ 3. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8.       Nationwide Mutual Fire Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide Mutual Fire Insurance Company is a citizen of the State of Ohio.

9.       Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

10.     Plaintiff's Original Petition states that Plaintiff seeks "relief of over $200,000 but not more than $1,000,000." *See* Plaintiff's Original Petition, **Exhibit A**, ¶ 70.  The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

11.     Plaintiff further seeks compensation for (1) actual damages, (2) exemplary damages, (3) attorney's fees, (4) 18% penalty damages, (6) pre and post-judgment interest, and (7) attorney's fees. *See* **Exhibit A, ¶¶** 63-72.  Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A,** ¶ 71; Tex. Ins. Code sections 541.002 & 541.152.  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

12.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

13.     Removal of this action under 28 U.S.C. § 1441(b) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

14.     WHEREFORE, Defendant Nationwide Mutual Fire Insurance Company hereby provides notice that this action is duly removed.

*(Signature on following page)*

---

[1]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail/return receipt requested on this 8th day of August, 2016:

| | |
|---|---|
| C. Bryan Beverly<br>The Voss Law Firm, P.C.<br>The Voss Law Center<br>26619 Interstate 45 South<br>The Woodlands, Texas 77380<br>bryan@vosslawfirm.com | ***7196 9008 9111 1861 5577*** |

*/s/ Patrick M. Kemp*
Patrick M. Kemp